UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                         Case No. 3:21-cr-43

vs.

MAC DORSEY,                              District Judge Michael J. Newman

    Defendant.

**ORDER: (1) GRANTING THE GOVERNMENT'S MOTION TO REVOKE BOND (Doc. No. 33); (2) REVOKING DEFENDANT'S RELEASE ON BOND; AND (3) DETAINING DEFENDANT PRETRIAL**

On March 3, 2022, the Court revoked Defendant's bond following a hearing in which it determined, based on Defendant's participation in a video, that harm was presented to individuals in the community. Doc No. 30. Thereafter, Defendant, through counsel, appealed that determination to the Sixth Circuit Court of Appeals. The matter was then remanded to this Court for an additional bond revocation hearing and to further develop the record. Doc. No. 34.

A second bond revocation hearing was held on April 4, 2022. The Court then heard from Defendant and his counsel, Cheryll A. Bennett; Assistant United States Attorney, Brent Tabacchi; and Lerae Anthony from Pretrial Services. The Court was then presented, for the first time, with an April 1, 2022 bond revocation request from Pretrial Services based on different factors: that Defendant had tested positive for marijuana in a urinanalysis sample and also failed to obtain or keep employment. Doc. No. 35. After being advised of his constitutional rights during the April 4 hearing, Defendant admitted to the marijuana urinanalysis results, and admitted in part and denied in part the employment allegation.

Pursuant to 18 U.S.C. § 3148, a person who has been released on bond under 18 U.S.C.

§ 3143 and who has violated a condition of his release is subject to a revocation of release and an order of detention.  As applicable to the instant case, the Court shall enter an order of revocation and detention if, after a hearing, two conditions are satisfied.  First, the Court must find by clear and convincing evidence that the person has violated a condition of release.  18 U.S.C. § 3148(b)(1)(B).  Second, the judicial officer must find either: (1) there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or (2) the person is unlikely to abide by any condition or combination of conditions of release.  18 U.S.C. § 3148(b)(2)(A), (B).

Accordingly, for the reasons more fully set forth in the April 4, 2022 hearing, the Court **REVOKES** Defendant's bond, and **ORDERS** him **DETAINED** pretrial.  *See* Doc. No. 35.  As the Court then noted on the record, this serves as an independent basis—separate and apart from his participation in the video—in which to revoke his bond.

    **IT IS SO ORDERED.**

Date:   April 6, 2022                             s/Michael J. Newman
                                                      Hon. Michael J. Newman
                                                    United States District Judge